{¶ 1} Appellee, Summit Homes, a division of PS Management Group, Ltd. ("Summit Homes"), has filed a motion to dismiss, in part, the appeal filed by appellants, Kimberly and Joel Horen ("the Horens"), and a motion to strike certain portions of the Horens' brief. Summit Homes also filed a supplemental memorandum in support of its motion and the Horens filed a memorandum in opposition to the motion to dismiss. We find the motion well-taken in part and not well taken in part.
 {¶ 2} This is a construction dispute dating back to November 2001, when the Horens filed a complaint against Summit Homes, the general contractor hired to build the Horens' new home. The complaint alleged breach of contract, negligence, violation of the Consumer Sales Practices Act, fraud, and slander of title. The complaint also requested a declaratory judgment regarding the validity of a mechanic's lien on the Horens' property filed by Summit Homes and a declaratory judgment regarding the validity of an arbitration clause in the contract between the Horens and Summit Homes. The Horens' complaint also named as a defendant The Homes Savings Loan Co. ("Homes Savings"), the bank financing the building project. The Horens' complaint alleged that Homes Savings was negligent in failing to inspect the home as required in the loan contract and that Home Savings converted the Horens' funds to its own use. The Horens also requested a declaratory judgment regarding whether Home Savings properly disbursed the loan funds. Homes Savings filed a cross-claim against Summit Homes for indemnification. Summit Homes filed a seven count counterclaim against the Horens for breach of contract, unjust enrichment, conversion, anticipatory breach of contract, misappropriation of trade secrets, breach of duty of good faith and fair dealing, and detrimental reliance.
 {¶ 3} Summit Homes filed a motion to require the Horens to submit the dispute to arbitration. On May 16, 2002, the trial court granted the motion and ordered a stay of proceedings pending the outcome of the arbitration. The arbitration ended in a $5,000 award in favor of the Horens. The Horens filed a motion in the trial court to vacate the arbitration award and Summit Homes filed a motion to confirm the award. On April 28, 2003, the trial court filed the following order:
 {¶ 4} "This case came on for arbitration on February 28, 2003. The Arbitrators considered the evidence adduced at the hearing, as well as the arguments and briefs of counsel and took the matter under advisement.
 {¶ 5} "Upon due consideration of all matters mentioned above, and upon review of the applicable law, the arbitrators found in favor of the Plaintiff, Kimberly Horen, and against the Defendant, Summit Homes, in the amount of Five Thousand Dollars ($5,000.00). Further, the arbitrators found, in consideration of the award, that certain conditions must be met. (see attached signed arbitration award).
 {¶ 6} "Unless a party files a demand for a trial de novo on or before May 17, 2003, the Arbitration Award shall become the judgment of the Court and shall have the same force and effect as a judgment of the Court in a civil action."
 {¶ 7} The Horens filed an application for a trial de novo on May 13, 2003 and the trial court entered an order on June 27, 2003, which states in pertinent part:
 {¶ 8} "[A] common pleas court may confirm, modify, correct or vacate an arbitration award. The court does not have the authority to permit any party to demand a trial de novo on the underlying claims unless that right is contained in the contractual provisions of the parties (sic) agreement to arbitrate[8]. [Footnote eight provides: `The court's order of April 28, 2003 implied that the parties did have the right to demand a trial de novo. The court erred in this respect. Pursuant to Local Rule 7.11 the court may refer certain civil cases to summary arbitration. A party to the summary arbitrations has a right to demand a trial de novo. The arbitration proceeding in this case is pursuant to the parties' contract and is not pursuant to Local Rule 7.11.']
 {¶ 9} "* * *.
 {¶ 10} "IT IS ORDERED upon application of defendants, and for good cause shown, the Arbitration Award issued in this action on April 14, 2003 is judicially confirmed as hereinafter set forth * * *.
 {¶ 11} "IT IS ORDERED that a judgment is made in favor of Kimberly Y. Horen, et al., and against Summit Homes, et al., in the amount of $5,000.00.
 {¶ 12} "* * *."
 {¶ 13} Following this order, the Horens filed a motion for leave to file an amended complaint which was denied on September 19, 2003. The Horens filed a motion for reconsideration of the denial and on December 16, 2003 the trial court entered a judgment denying that motion.
 {¶ 14} The court then turned its attention to the claims, counterclaims and cross-claims that were still outstanding between the parties. In a second judgment entry journalized on December 16, 2003, the trial court determined that despite the Horens' contention to the contrary, their fraud action against Summit Homes was not still pending, but had been disposed of in the arbitration proceedings. In a third judgment journalized on December 16, 2003, the court granted Homes Savings' motion for summary judgment on all of the Horens' claims against Home Savings. Finally, in a fourth judgment entry journalized on December 16, 2003, the court determined that Homes Savings' cross-claim against Summit Homes for indemnification was moot. These judgment entries (all file stamped on December 15, 2003 and entered on the court's journal on December 16, 2003) disposed of all remaining issues between the parties.
 {¶ 15} The Horens filed a notice of appeal on January 12, 2004, in which they state that they are appealing from "the Trial Court's December 15, 2003 Orders and Judgment Entries (true file-stamped copies are attached hereto)." Attached to the notice of appeal are copies of the following eight judgment entries: May 16, 2002, April 28, 2003, June 27, 2003, September 18, 2003, and the four entries of December 16, 2003.
 {¶ 16} In the present motion, appellee, Summit Homes, asks this court to dismiss the Horens' appeal from the orders of May 16, 2002, April 28, 2003, June 27, 2003, and September 18, 2003 and two of the December 16, 2003 orders. Summit Homes advances several arguments in support of the motion: the notice of appeal does not list all eight judgment entries; the notice of appeal is late as to some of the judgment entries; the Horens do not have standing to appeal one of the December 16, 2003 judgment entries; Civ.R. 8(C) defenses apply, and the Horens' appeal of the $5,000 award of damages is moot.
{¶ 17} Contents of the Notice of Appeal
 {¶ 18} In its first argument, Summit Homes states that the "Notice of Appeal designates only the `Trial Court's [four] December 15, 2003 Orders and Judgment Entries', with no mention of the aforesaid four pre-December 15, 2003 Trial Court orders/entries." Thus, Summit Homes states that the Horens cannot appeal from the May 16, 2002, April 28, 2003, June 27, 2003, and September 18, 2003 judgment entries. App.R. 3(D) states that "[t]he notice of appeal * * * shall designate the judgment, order or part thereof appealed from * * *." In this case, even though the Horens did not list in the notice of appeal all
 {¶ 19} eight of the orders they wish to appeal, they did attach a copy of each order to the notice of appeal and refer to the four pre-December judgment entries on their docketing statement under the "probable issues for review" section of the form, putting Summit Homes on notice that they intend to appeal all of those orders.
 {¶ 20} "Pursuant to App.R. 3(A), the only jurisdictional requirement for a valid appeal is the timely filing of a notice of appeal. When presented with other defects in the notice of appeal, a court of appeals is vested with discretion to determine whether sanctions, including dismissal, are warranted, and its decision will not be overturned absent an abuse of discretion."Transamerica Ins. Co. v. Nolan (1995), 72 Ohio St.3d 320, syllabus.
 {¶ 21} We find that the sanction of dismissal of the Horens' appeal from the four pre-December judgment entries is unwarranted in this case. The court denies Summit Homes' motion to dismiss the Horens' appeals from the four pre-December 16, 2003 judgment entries on the basis that the notice of appeal did not list those judgment entries.
{¶ 22} Timeliness of the Notice of Appeal
 {¶ 23} Summit Homes' next argument addresses the judgment entries of May 16, 2002 (granting a stay of proceedings and ordering arbitration) and June 27, 2003 (confirming the arbitration award). Summit Homes states that these two decisions were appealable at the time they were entered on the court's journal and that it is now too late for the Horens to challenge them on appeal. R.C. 2711.02 states, in pertinent part:
 {¶ 24} "(B) If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.
 {¶ 25} "(C) Except as provided in division (D) of this section, an order under division (B) of this section that grants or denies a stay of a trial of any action pending arbitration, including, but not limited to, an order that is based upon a determination of the court that a party has waived arbitration under the arbitration agreement, is a final order and may bereviewed, affirmed, modified, or reversed on appeal pursuant tothe Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code." (Emphasis added.)
 {¶ 26} R.C. 2711.15 states:
 {¶ 27} "An appeal may be taken from an order confirming, modifying, correcting, or vacating an award made in an arbitration proceeding or from judgment entered upon an award."
 {¶ 28} The Horens, therefore, could have appealed both the May 16, 2002 and June 27, 2003 judgment entries within 30 days of the time they were issued. However, App.R. 4(B)(5) states:
 {¶ 29} "Partial final judgment or order.
 {¶ 30} "If an appeal is permitted from a judgment or order entered in a case in which the trial court has not disposed of all claims as to all parties, other than a judgment or order
 {¶ 31} entered under Civ.R. 54(B), a party may file a notice of appeal within thirty days of entry of the judgment or orderappealed or the judgment or order that disposes of the remainingclaims. Division (A) of this rule applies to a judgment or order entered under Civ.R. 54(B)." (Emphasis added.)
 {¶ 32} Thus, the Horens had the choice of appealing within 30 days of May 16, 2002 and June 27, 2003, or within 30 days of December 16, 2003. We find that the Horens' appeal from the May 16, 2002 and June 27, 2003 judgment entries is timely.
{¶ 33} Standing
 {¶ 34} Concerning the trial court's December 16, 2003 judgment which determined that Homes Savings' cross-claim against Summit Homes for indemnification was moot, Summit Homes argues that the Horens do not have standing to challenge the order because, "that Order and Judgment Entry did not involve adjudication of any claims or issues between Summit Homes and Appellants nor between Home Savings and Appellants." We agree. Accordingly, the Horens' appeal from the December 16, 2003 judgment, which determined that Homes Savings' cross-claim against Summit Homes for indemnification is moot, is dismissed.
{¶ 35} Civil Rule 8(C) Affirmative Defenses
 {¶ 36} Summit Homes states that the Horens "have already received and accepted, pre-Appeal, Summit Homes' payment of the entire amount of the judicially confirmed Arbitration Award. * * * Appellants are thereby * * * barred from appealing * * * under the doctrines of arbitration and award, payment, release and accord and satisfaction, as well
 {¶ 37} as by the doctrines of res judicata, law of the case, estoppel, waiver and laches. (Reference Civ. R. 8(C).)" With the exception of "payment" (which is discussed below under the heading "Mootness") the Civ.R. 8(C) affirmative defenses have nothing to do with whether the Horens can appeal the decisions of the trial court. They are defenses to allegations in a complaint, not bars to filing an appeal from a trial court's judgment.
{¶ 38} Mootness
 {¶ 39} Summit Homes' final argument is that since it paid the Horens the $5,000 judgment and the Horens cashed the check, the Horens' appeal from the judgment against Summit Homes is moot. In support of this argument, Summit Homes cites Lynch v. Bd. ofEdn. (1927), 116 Ohio St. 361 where the third paragraph of the syllabus states:
 {¶ 40} "Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, andtakes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment." (Emphasis added.)
 {¶ 41} In Lynch, unlike the situation in the instant case, the appeal was moot and dismissed because the judgment was voluntarily paid by the defendant who was the appealing party. Thus, by paying the judgment being appealed the defendant forfeited its right to appeal. The situation in the instant case, however, is different. Here the appealing party is the plaintiff who accepted payment of the entire judgment and also appealed from that judgment, contending that the judgment was too low. Summit Homes argues that despite this difference, the effect is the same; the judgment has been paid and the case is moot.
 {¶ 42} Blodgett v. Blodgett (1990), 49 Ohio St.3d 243 is a divorce case where the wife accepted full payment of the marital property judgment awarded her by the trial court, signed and filed a satisfaction of judgment, and filed an appeal alleging that the judgment should have been higher. The court found that her appeal was moot as a result of her accepting payment of the judgment amount. In so holding, the court states:
 {¶ 43} "Because of the nature of the appellate process, Nancy could not receive the trial court award until her appeal was decided, unless she chose to terminate the appeal herself by executing the satisfaction of judgment. She may well have believed that this circumstance coerced her acquiescence to the satisfaction of judgment, but the workings of the judicial system are irrelevant in this context. To avoid the satisfaction of judgment, it must be shown that the one whose actions forced Nancy to accept the judgment was William, the other party to the agreement.
 {¶ 44} "* * *
 {¶ 45} "We decline to accept the proposition that if an appellant executes a satisfaction of judgment merely because she cannot afford to wait for the outcome of an appeal, that satisfaction of judgment may be subsequently avoided. Almost every settlement agreement contains some modicum of coercion or duress. An appeal or prospect of a trial always involves a degree of risk to both parties. The law encourages settlement of disputes. By executing the satisfaction of judgment, Nancy could be sure she collected $2,765,000. * * *." Id. at 246 — 247.
 {¶ 46} We find that by cashing the check for $5,000 the Horens forfeited their right to appeal the judgment against Summit Homes.
{¶ 47} The "Under Protest" Endorsement
 {¶ 48} The Horens state that because they wrote on the front of the $5,000 check "signing under protest" pursuant to R.C.1301.13(A), there was no accord and satisfaction of the judgment and they retained their right to challenge the amount of the judgment on appeal.
 {¶ 49} Summit Homes argues that the Horens' cashing of the check, even with the under protest language, is an accord and satisfaction which moots their appeal.
 {¶ 50} An accord and satisfaction is essentially a contract whereby the parties come to an agreement as to the amount to be paid and that amount is paid by one and accepted by the other. It is applicable only when there is a disagreement as to the amountowed. Allen v. R.G. Indus. Supply (1993), 66 Ohio St.3d 229
paragraph two of the syllabus. ("Two essential safeguards built into the doctrine of accord and satisfaction protect creditors or injured parties from overreaching debtors or tortfeasors: (1) there must be a good-faith dispute about the debt, and (2) the creditor must have reasonable notice that the check is intended to be in full satisfaction of the debt.") In the instant case, the amount to be paid to satisfy the judgment is $5,000. There is no disagreement or dispute on that. Therefore, this is not an accord and satisfaction situation. The judgment was fully satisfied when Summit Homes paid $5,000 and the Horens cashed the check. Under the Ohio law cited above, any appeal from that judgment is now moot and must be dismissed.
 {¶ 51} The Horens' notation that the check was cashed "under protest" does not help them because all discussion of R.C.1301.13 is irrelevant. Summit Homes wrote the check to satisfy the judgment and not to settle a dispute over what the Horens believe the judgment should have been. Pursuant to R.C. 1301.13, an "under protest" notation means that the creditor understands that the debtor is tendering the check as payment in full of a disputed debt, and that in cashing the check the creditor is reserving the right to collect further amounts it asserts are due. However, the entire amount of the judgment is $5,000; the Horens may dispute that the judgment is fair or lawful, but they cannot assert that the judgment is greater than $5,000. Voluntary payment and voluntary acceptance of payment of the entire judgment is the only thing needed to make the appeal moot pursuant to Blodgett, supra.
 {¶ 52} Finally, even if R.C. 1301.13 were applicable or if this could be classified as an accord and satisfaction situation, the "under protest" language of R.C. 1301.13 does not save the appeal from being moot.
 {¶ 53} R.C. 1301.13 states:
 {¶ 54} "Performance or acceptance under reservation of rights
 {¶ 55} "(A) A party who, with explicit reservation of rights, performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as `without prejudice,' `under protest,' or the like are sufficient.
 {¶ 56} "(B) Division (A) of this section does not apply to an accord and satisfaction." (Emphasis added.)
 {¶ 57} Section (B) of the statute was added in 1994 and effectively overrules AFC Interiors v. DiCello (1989),46 Ohio St.3d 1,[1] the case relied on by the Horens to support their argument that the "under protest" endorsement reserved their right to appeal the $5,000 judgment.
 {¶ 58} The court grants Summit Homes' motion to dismiss and strike. We dismiss the Horens' appeal from all decisions except the December 16, 2003 judgment entry granting Home Savings' motion for summary judgment on all of the Horens' claims against Home Savings. We strike the Horens' first five assignments of error in their brief filed on February 17, 2004. This case will continue on the Horens' sixth assignment of error only, i.e., that "The trial court erred in granting appellee Home Savings' motion for summary judgment."
It is so ordered.
Handwork, P.J. Pietrykowski, J., Lanzinger, J. concur.
[1] For a discussion of the common law doctrine of "accord and satisfaction" and how the 1989 AFC Interiors case affected and changed that basic doctrine, see Note, Ohio's Interpretation Of Uniform Commercial Code Section 1-207 — You Can Have Your Cake And Eat It Too: AFC Interiors v. DiCello, 46 Ohio St.3d 1,544 N.E.2d 869 (1989) (1991), 59 U. Cin. L. Rev. 1001.
This background information illuminates why the Ohio General Assembly revised R.C. 1301.13 in 1994, which effectively returned Ohio to the common law "accord and satisfaction" principles.