JOURNAL ENTRY AND OPINION
{¶ 1} K.C., Mother,[1] appeals from the trial court's judgment granting permanent custody of her minor child, A.D., to the Cuyahoga County Department of Children and Family Services ("CCDCFS" or "the Agency"). For the reasons set forth below, we reverse and remand.
 {¶ 2} A.D. was born on February 5, 2000. Mother was 13 years old at the time and living with her mother. Father, L.D., had not established paternity and was not involved in A.D.'s care or support.
 {¶ 3} In June 2001, CCDCFS obtained temporary custody of A.D. and placed him in foster care with Roger and Barbara Johnson. In September 2002, CCDCFS filed a motion to terminate temporary custody and request for A.D. to be returned to Mother with protective supervision. The Agency's motion was granted, and on October 25, 2002, A.D. was returned to Mother with protective supervision.
 {¶ 4} In January 2003, A.D. was again removed from Mother's custody because his maternal grandmother's home, where Mother and A.D. resided, had been raided by the police for drugs. On January 27, 2003, CCDCFS filed a complaint for neglect and permanent custody relative to A.D., and a complaint for neglect and temporary custody relative to Mother, who was still a minor at the time. A.D. was placed in foster care with the Johnsons.
 {¶ 5} On April 15, 2003, the trial court held a hearing. The Agency made some amendments to its complaint and Mother and Father thereafter admitted the allegations of the complaint which pertained to them. As a result of those admissions, A.D. was adjudicated neglected. The trial court filed its journal entry memorializing same on April 24, 2003. Mother did not file any objections to the acceptance of her admissions at the trial court level.
 {¶ 6} In her first assignment of error, Mother contends that the trial court erred by accepting her admissions without first determining that she understood that, by entering her admissions, she was waiving constitutional rights. We agree.
 {¶ 7} Before addressing the substance of Mother's arguments, we consider some preliminary issues. As just mentioned, the trial court entered its order finding A.D. neglected on April 15, 2003. The final dispositional order and findings of fact were filed on December 2, 2005. Mother's notice of appeal was filed, pro se, on December 14, 2005. Using a pre-printed form, Mother attached a copy of the final order of disposition, but not a copy of the order of adjudication.
 {¶ 8} First, we consider whether the issue presented in Mother's first assignment of error was timely appealed pursuant to App.R. 4(A).
 {¶ 9} App.R. 4(A), governing the time for an appeal, provides as follows:
 {¶ 10} "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 11} Thus, an aggrieved party generally has thirty days from the time an adjudication order is entered to appeal that order when it is accompanied by a temporary order of disposition.In re Murray (1990), 52 Ohio St.3d 155, 556 N.E.2d 1169, syllabus.
 {¶ 12} "An adjudication by a juvenile court that a child is `neglected' or `dependent' * * * followed by a disposition awarding temporary custody to a public children services agency * * * constitutes a `final order' within the meaning of R.C.2505.02 and is appealable to the court of appeals * * *." Id.; see, also, In re Michael A. (Mar. 21, 2002), Cuyahoga App. No. 79835, 2002-Ohio-1270.
 {¶ 13} Accordingly, pursuant to App.R. 4(A), Mother would have had thirty days from the April 24, 2003 adjudication order to timely appeal that order.
 {¶ 14} App.R. 4(B)(5), however, provides an exception to App.R. 4(A), and authorizes an appeal of an adjudication order alternatively thirty days after the court renders a final order on all issues in the case. This rule governs partial final judgments and provides:
 {¶ 15} "If an appeal is permitted from a judgment or order entered in a case in which the trial court has not disposed of all claims as to all parties, other than a judgment or order entered under Civ.R. 54(B), a party may file a notice of appeal within thirty days of entry of the judgment or order appealed or the judgment or order that disposes of the remaining claims. Division (A) of this rule applies to a judgment or order entered under Civ.R. 54(B)."
 {¶ 16} The April 24, 2003 adjudication/temporary disposition order in this case was not entered under Civ.R. 54(B) and, thus, App.R. 4(B)(5) can be applied in this case to permit review of any alleged error associated with the April 24, 2003 adjudication order. See In re S.G. M.G., 8th Dist. No. 84228,2005-Ohio-1163; In re Kidd, 11th Dist. No. 2001-L-039, 2002-Ohio-7264, at ¶¶ 22-23; see, also, In re Eblin (1998),126 Ohio App.3d 774, 776, 711 N.E.2d 319; Horen v. Summit Homes,
6th Dist. No. WD-04-001, 2004-Ohio-2218, at ¶¶ 28-32.
 {¶ 17} The second preliminary issue we consider is whether we are able to review this order in light of the fact that Mother failed to include the order in her notice of appeal.
 {¶ 18} App.R. 3(D) governs the content of the notice of appeal and provides, in part, that the notice of appeal "shall designate the judgment, order or part thereof appealed from." Recently, in In re S.G. M.G., supra, this court addressed the issue of whether the failure to designate the judgment or order appealed from is a jurisdictional defect, and found, contrary to previous decisions from this court, as well as decisions from other courts, that it is not. Id. at ¶ 14. In so finding, this court referenced App.R. 3(A) which governs the filing of a notice of appeal. The rule provides as follows:
 {¶ 19} "Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal."
 {¶ 20} In accordance with App.R. 3(A), this court found that it is the timely filing of the notice of appeal that is a jurisdictional prerequisite, and not the contents of that notice.In re S.G. M.G., supra, at ¶ 17. This court noted that the purpose of a notice of appeal is to apprise the opposite party of the taking of an appeal, and that App.R. 3 must be construed in light of that purpose. Id. at ¶ 18.
 {¶ 21} In In re S.G. M.G., the appellant filed the notice of appeal pro se, using a pre-printed form. The pre-printed form included check-the-box options, which did not include an option for appealing the order of adjudication and temporary disposition. Instead, the pre-printed form required the appellant to choose between appealing the order of permanent or temporary custody. The notice of appeal also contained a fill-in-the-blanks affidavit, with a pre-preprinted statement referencing the grant of permanent custody. Id. at ¶ 19.
 {¶ 22} The identical situation that existed in In re S.G. M.G. exists in this case: Mother filed her notice of appeal without the assistance of counsel; she used a pre-printed form that required her to choose between the grant of permanent or temporary custody; and she included her affidavit, which was contained in a pre-printed, fill-in-the-blanks form referencing the grant of permanent custody. Thus, on the authority of In reS.G. M.G, we find that CCDCFS was not surprised or misled by Mother's appeal of the order adjudicating A.D. neglected.
 {¶ 23} The third and final preliminary issue that we consider is whether Mother's failure to challenge the adjudication order at the trial court level constitutes a waiver of the issue on appeal. This issue was also addressed in In re S.G. M.G.,
supra. On this point, this court stated the following:
 {¶ 24} "It is true that, in general, a reviewing court will not consider issues that an appellant failed to first raise in the trial court. See State ex rel. Quarto Mining Co. v. Foreman
(1997), 79 Ohio St.3d 78, 81, 1997-Ohio-71, 679 N.E.2d 706. If the error is apparent on the face of the record and it is prejudicial to the appellant, however, application of the plain error doctrine will permit correction of judicial proceedings.Reichert v. Ingersoll (1985), 18 Ohio St.3d 220, 223,18 Ohio B. 281, 480 N.E.2d 802. The doctrine is applicable in civil cases only in the extremely rare case where the error `seriously affects the basic fairness, integrity, or public reputation of the judicial process.'" Id. at ¶ 22, citing Goldfuss v.Davidson (1997), 79 Ohio St.3d 116, 122-123, 1997-Ohio-401,679 N.E.2d 1099.
 {¶ 25} This court went on to state that:
 {¶ 26} "The termination of parental rights is `the family law equivalent of the death penalty.' In re Hayes (1997),79 Ohio St.3d 46, 48, 679 N.E.2d 680; see, also, In re Murray,52 Ohio St.3d at 156 (stating that a parent has a `fundamental liberty interest' in the care, custody, and management of his or her child and an `essential' and `basic civil right' to raise his or her children).
 {¶ 27} "Because this is so, a trial court's failure to comply with Juv.R. 29(D) has been found to constitute plain error in cases involving termination of parental rights. See In reElliot, 4th Dist. Nos. 03CA65 66, 2004-Ohio-2770, ¶ 15; In reAldridge, [4th Dist. No. 02CA2661,] 2002-Ohio-5988, at ¶ 16. Unlike this court's decision in In re M.F., Cuyahoga App. No. 82018, 2003-Ohio-4807, which involved an adjudication of delinquency as opposed to the termination of parental rights, we are unable to conclude that appellant waived this issue for review." In re S.G. M.G., at ¶¶ 23-24.
 {¶ 28} As this court found that there was no impediment, jurisdictional or otherwise, to its ability to review the adjudication order, it considered whether the trial court erred in accepting the appellant's admission in In re S.G. M.G. For the same reasons, we review Mother's first assignment of error in this case.
 {¶ 29} Juv.R. 29(D) governs the procedure for accepting an admission and provides, in relevant part:
 {¶ 30} "The court * * * shall not accept an admission without addressing the party personally and determining both of the following:
 {¶ 31} "(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 {¶ 32} "(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent and to introduce evidence at the adjudicatory hearing."
 {¶ 33} Pursuant to Juv.R. 29(D), therefore, a trial court must carefully inquire as to whether the admission is voluntarily, intelligently and knowingly entered. In reBeechler (1996), 115 Ohio App.3d 567, 571-572, 685 N.E.2d 1257. While strict compliance with this rule is not constitutionally mandated, the record must demonstrate that the court substantially complied with the rule's non-constitutional requirements. The trial court's failure to substantially comply with Juv.R. 29(D) constitutes prejudicial error, requiring reversal of the adjudication order. Id.; see, also, In re Onion
(1998), 128 Ohio App.3d 498, 503, 715 N.E.2d 604, citing Statev. Ballard (1981), 66 Ohio St.2d 473, 476, 423 N.E.2d 115; Inre S.G. M.G., supra.
 {¶ 34} Upon review of the record in this case, we find that the trial court did not sufficiently comply with the requirements of Juv.R. 29(D). The court engaged in the following colloquy with Mother:
 {¶ 35} "THE COURT: * * * [D]o you know why you are in court this afternoon?
 {¶ 36} "THE MOTHER: Yes, I do, your Honor.
 {¶ 37} "THE COURT: Can you tell me for the record why you're here?
 {¶ 38} "THE MOTHER: To see what's going to happen with my child, your Honor.
 {¶ 39} "THE COURT: Do you understand what the prosecuting attorney has read into the record, and what your counsel has suggested to the court?
 {¶ 40} "THE MOTHER: I don't understand.
 {¶ 41} "THE COURT: They have indicated there's some amendments that are made to the complaint, and your lawyer indicated that you want to admit to those.
 {¶ 42} "THE MOTHER: Yes, at this time.
 {¶ 43} "THE COURT: What is the plan to you?
 {¶ 44} "THE MOTHER: For me to admit to it, your Honor.
 {¶ 45} "THE COURT: Yes.
 {¶ 46} "THE MOTHER: That it did happen.
 {¶ 47} "THE COURT: Tell me in your own words what happened.
 {¶ 48} "THE MOTHER: Your Honor, January 25th my house was raided by the police. I was in the kitchen with my son and my mother. And my ex-boyfriend was there getting his things out of the house, such as DVDs, Play station. He had brought his cousins to help him get the stuff out of the home.
 {¶ 49} "THE COURT: The allegations that we are relating to are with respect to providing the necessary care, protection and support for your child. Do you understand?
 {¶ 50} "THE MOTHER: Yes.
 {¶ 51} "THE COURT: It also indicates that you did not provide a safe, proper environment for the child to reside. Do you admit to that?
 {¶ 52} "THE MOTHER: I'm sorry, could you repeat that please?
 {¶ 53} "THE COURT: The [allegation] says that you did not provide a safe and appropriate environment for your child. Are you admitting to that?
 {¶ 54} "THE MOTHER: Yes, your Honor.
 {¶ 55} "THE COURT: You also admitted to the use of marijuana?
 {¶ 56} "THE MOTHER: Yes, your Honor. From December to the end of January.
 {¶ 57} "THE COURT: What kind of help are you getting for that problem today?
 {¶ 58} "THE MOTHER: I have a drug assessment on Thursday, and I don't smoke no more.
 {¶ 59} "THE COURT: When was the last time you did?
 {¶ 60} "THE MOTHER: In January.
 {¶ 61} "THE COURT: So you're saying that you're clean for a couple of months here?
 {¶ 62} "THE MOTHER: Yes.
 {¶ 63} "THE COURT: Do you understand if you make this admission, that the Court can make a determination with respect to whether or not your child was neglected, and that could affect the outcome that the County is seeking of permanent custody?
 {¶ 64} "THE MOTHER: Yes.
 {¶ 65} "THE COURT: You know the Court will make an adjudication of some type today, and after that phase, there will be another proceeding where the Court will make a determination about the outcome of who's going to get custody of [A.D.]?
 {¶ 66} "THE MOTHER: Yes.
 {¶ 67} "THE COURT: You understand that?
 {¶ 68} "THE MOTHER: Yes.
 {¶ 69} "THE COURT: Despite that, you're willing, of you own free will, to choose to admit to those amended allegations in the complaint?
 {¶ 70} "THE MOTHER: At this time, yes your Honor.
 {¶ 71} "THE COURT: Thank you very much."
 {¶ 72} Upon review of similar questioning of the appellant inIn re S.G. M.G., supra, this court stated the following:
 {¶ 73} "Even if we were to construe this colloquy as being in substantial compliance with Juv.R. 29(D)(1) regarding appellant's understanding of the nature of the allegations and the consequences of her admission, there is absolutely no compliance with respect to Juv.R. 29(D)(2), which governs the constitutional rights a party waives upon entering an admission. The court failed to advise appellant of any of the rights she would be waiving in exchange for her admission. Written in the conjunctive, both subsections of Juv.R. 29(D) must be satisfied before it can be said that there has been substantial compliance with the rule. Because there was no such compliance, appellant's admission to the complaint as amended was not voluntarily and knowingly entered." Id. at ¶ 56. Footnote number three in In reS.G. and M.G. noted that strict compliance with Juv.R. 29(D) as pertains to constitutional rights is required. Id., citing In reOnion, supra, citing Ballard, supra.
 {¶ 74} Thus, because the trial court in this case failed to inform Mother of any of the rights she would be waiving in exchange for admission, the court failed to comply with Juv.R. 29(D).
 {¶ 75} Appellant's first assignment of error is sustained. Based on our disposition of appellant's first assignment of error, we need not address her remaining assignments of error, which are set forth in the appendix to this opinion. App.R. 12(A)(1)(c).
Reversed and remanded to the trial court for further proceedings consistent with this opinion.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Sweeney, J., Concur.
 APPENDIX
"II. The practice of Ohio courts using an abuse of discretion standard when reviewing claims that a judgment terminating parental rights is against the manifest weight of the evidence constitutes a denial of equal protection of the laws in violation of the Fourteenth Amendment to the Constitution of the United States and Article I, § 2 of the Constitution of the State of Ohio.
"III. The judgment terminating Appellant's parental rights is against the manifest weight of the evidence and constitutes a denial of due process of law. Fourteenth Amendments, Constitution of the United States; Article I, § 16, Constitution of the State of Ohio."
[1] The parties are referred to herein by their initials or title in accordance with this court's established policy regarding non-disclosure of identities in juvenile cases.