{¶ 1} Appellant, D.R. ("mother"), appeals from the decision of the trial court, which granted permanent custody of her sons, X.R. and J.J.,[1] to the Cuyahoga County Department of Children and Family Services ("CCDCFS"). After a thorough review of the arguments and for the reasons set forth below, we affirm in part, reverse in part and remand.
 {¶ 2} Appellant has two sons: X.R., born on November 18, 2002, and J.J., born on March 26, 2005. Appellant was married to the man who is J.J.'s father. Paternity has not been established for X.R. When J.J. was born, both he and appellant testified positive for marijuana, and CCDCFS was notified. CCDCFS was also notified after an incident of domestic violence occurred in appellant's home, where J.J.'s father struck appellant in the presence of the children.
 {¶ 3} After J.J.'s birth, appellant was referred for substance abuse treatment. Despite months of treatment, appellant continued to test positive for marijuana use, and on several occasions her urine tests showed that her marijuana use had increased. In addition, appellant was involved in a physical altercation with J.J.'s father, which resulted in J.J. being dropped on the floor by appellant. Consequently both children were removed from appellant's home. *Page 4 
 {¶ 4} On April 21, 2005, CCDCFS filed a complaint alleging abuse and neglect and sought temporary custody of X.R. and J.J. On April 22, 2005, both children were removed from appellant's home and placed with the children's uncle. A dispositional hearing was held on September 15, 2005.
 {¶ 5} At the hearing, appellant stipulated to the complaint and subsequent amendments filed by the assistant prosecuting attorney. Appellant was present and represented by counsel at this hearing; however, neither of the children's fathers were present.[2] CCDCFS's social worker, Vicki Lynch, testified about the children's fathers. She noted that X.R.'s father was not known. She also testified that J.J.'s father, who is appellant's husband, has a substance abuse problem, but he refused to participate in case plan services to address this problem.
 {¶ 6} On September 22, 2005, the trial court adjudged X.R. and J.J. to be neglected and entered an order awarding temporary custody of the children to CCDCFS.
 {¶ 7} At a hearing held on June 5, 2006, on motion by CCDCFS, the parties agreed to extend temporary custody, and the case was continued for review.
 {¶ 8} On September 19, 2006, CCDCFS filed its motion to modify temporary custody to permanent custody. On May 8, 2007, the date set for hearing, appellant arrived at court in the morning, although the hearing was scheduled for that *Page 5 
afternoon. Appellant left before the hearing started because she told her attorney she could not take more than half a day off from work. Counsel for appellant was present at the hearing and moved the trial court for a continuance because of appellant's inability to attend the hearing that day. The trial court denied the motion, stating that appellant had been given adequate notice of the hearing date and time. Neither of the children's fathers attended the hearing. The children's guardian ad litem was present.
 {¶ 9} The following relevant facts were adduced at the hearing: appellant was eighteen years old at the time of the hearing; J.J.'s father does not visit his child regularly, does not provide support for him, and has not completed any of the treatment programs as part of the case plan; J.J. was a "drug-exposed infant" because he tested positive for marijuana at his birth; appellant was referred for drug assessment at Cleveland Cares; appellant completed a 24-week treatment program at Berea Children's Home in October 2005; appellant had a relapse into drug use in June 2006 and was referred for another assessment; based on this assessment, appellant was referred to Hitchcock House for Women for a higher level of inpatient treatment; appellant did not participate in the scheduled treatment; appellant never completed substance abuse treatment under the court-ordered case plan; appellant did not show proof that she completed parenting education classes; appellant did not participate in domestic violence and anger management counseling; appellant has not permitted the social worker to complete a home inspection; appellant claims she *Page 6 
is employed, but has not provided job verification; appellant visits her children weekly and has missed only two visits since January 2007; and, appellant exhibits little control over her children's behavior during her visits.
 {¶ 10} Anjanette Arabian, the guardian ad litem for both children, testified that although the children were too young to express their wishes regarding custody, she recommended that permanent custody was in the best interest of the children for the following reasons: the family, including appellant and the maternal grandmother, had a significant history of involvement with the children's services agency, preventing relative placement as an alternative; the children were presently in a stable environment in their foster home; the children were adoptable; and CCDCFS was working diligently to help appellant complete her case plan, but due to her immaturity, appellant was still not able to provide and care for her children.
 {¶ 11} At the conclusion of the hearing, the trial court stated that its decision was based on the reasonable but ultimately unsuccessful efforts by CCDCFS to unify the family, the guardian ad litem's recommendation in favor of permanent custody, and appellant's unwillingness to comply with the case plan. In its journal entry dated May 3, 2007, the trial court stated that permanent custody was in the best interest of the children.
 {¶ 12} Appellant asserts four assignments of error in her appeal of the trial court's decision. For clarity of discussion, we will address the arguments out of order. *Page 7 
 Compliance With Juvenile Rule 29(D) {¶ 13} "I. The trial court committed prejudicial error and denied appellant due process of law at the adjudicatory hearing by accepting an admission from appellant, a minor, without any effort whatsoever to comply with the procedural requirements of Juv.R. 29(D)."
 {¶ 14} In her first assignment of error, appellant argues that the court failed to comply with Juv.R. 29(D) at the September 15, 2005 hearing on temporary custody. Specifically, she argues that the court accepted her stipulations without entering into the required colloquy.
 {¶ 15} As an initial matter, we must address CCDCFS's argument that appellant did not timely file her appeal of the decision awarding temporary custody to CCDCFS. CCDCFS argues that this court must overrule appellant's first assignment of error without addressing the issue of whether the court complied with the requirements of Juv.R. 29(D) because appellant's appeal is on an issue stemming from the dispositional phase awarding temporary custody to the agency. We agree.
 {¶ 16} App.R. 4(A), governing the time for an appeal, provides as follows: "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." Thus, an aggrieved party generally has 30 days from the time an adjudication order is entered to appeal that *Page 8 
order when it is accompanied by a temporary order of disposition. In reMurray (1990), 52 Ohio St.3d 155, 556 N.E.2d 1169, syllabus.
 {¶ 17} On September 22, 2005, the court granted temporary custody of X.R. and J.J. to CCDCFS. Appellant had 30 days from that date in which to file her appeal. In fact, appellant filed her appeal on June 26, 2007, nearly two years after temporary custody was decided. In addition, on the cover sheet accompanying her notice of appeal, appellant marked that she was appealing only the May 30, 2007 journal entry awarding permanent custody to CCDCFS. The first time appellant raises the issue of whether the trial court complied with Juv.R. 29(D) during her temporary custody hearing is in her appellate brief. By this time, it is too late. Therefore, we overrule appellant's first assignment of error.
 Denial of Motion to Continue Hearing {¶ 18} "IV. The trial court abused its discretion and denied appellant due process of law by denying his [sic] motion for continuance of the hearing held on May 8, 2007."
 {¶ 19} In her fourth assignment of error, appellant argues that the trial court erred in denying her a continuance of the permanent custody hearing. She argues that the court should have considered more than simply whether she was given adequate notice of the hearing date and time. We agree.
 {¶ 20} Parents have a fundamental liberty interest in the care, custody, and management of their children. Santosky v. Kramer (1982),455 U.S. 745, 102 S.Ct. *Page 9 
1388, 71 L.Ed. 2d 599; In re Murray, supra. Therefore, in a permanent custody proceeding, "parents must be provided with fundamentally fair procedures in accordance with the Fourteenth Amendment Due Process Clause and Section 16, Article I of the Ohio Constitution." In theMatter of Elliot (June 25, 1993), 4th Dist. No. 92-CA-34; see, also,In the Matter of Vandale (June 29, 1993), 4th Dist. No. 92-CA-31.
 {¶ 21} Juv.R. 23 provides that "[continuances shall be granted only when imperative to secure fair treatment for the parties." Further, Loc.R. 49(C) of the Juvenile Division states: "No case will be continued on the day of trial or hearing except for good cause shown, which cause was not known to the party or counsel prior to the date of trial or hearing, and provided that the party and/or counsel have used diligence to be ready for trial and have notified or made diligent efforts to notify the opposing party or counsel as soon as he/she became aware of the necessity to request a postponement. This rule may not be waived by consent of counsel."
 {¶ 22} The grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge, and an appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion. State v. Unger (1981),67 Ohio St.2d 65, 67, 423 N.E.2d 1078; In re Zhang (1999), 135 Ohio App.3d 350,354, 734 N.E.2d 379; In re Miller, 3rd Dist. No. 2-04-02, 2004-Ohio-3023. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Page 10 Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.
 {¶ 23} The Ohio Supreme Court has indicated that in determining whether the trial court has abused its discretion in denying a motion for continuance, appellate courts should apply a balancing test that takes cognizance of all the competing considerations. A court should note, inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel, and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance that gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case. (Citations omitted.) In re A.D., Cuyahoga App. No. 87510, 2006-Ohio-6036.
 {¶ 24} In In re Edward M., 6th Dist. Nos. L-04-1282, L-04-1304,2005-Ohio-3354, the court denied the father a continuance on the date of a permanent custody hearing even though he was hospitalized and could not be present. The reviewing court reversed the trial court because the father had shown that he had always appeared for scheduled hearings, had never before asked for a continuance, and had attended all scheduled visits with his children except when he was hospitalized. The court specifically stated, "[b]ecause [the father] demonstrated cooperation with the court and counsel throughout these proceedings and because his absence from *Page 11 
the final hearing was unintentional and beyond his control, we find that the trial court's refusal to grant a continuance, particularly given that all other parties except for the guardian ad litem agreed that a continuance was warranted, was unreasonable and an abuse of discretion." Id.
 {¶ 25} The facts of In re Edward M. have several similarities to the case before us. Appellant had attended all prior hearings involving the custody of her children; she had only missed two of her weekly scheduled visits since the children were removed from her home; appellant had not asked for any other continuances of the permanent custody hearing;[3]
and, the motion for continuance was not opposed by CCDCFS or the guardian ad litem. To the extent appellant's absence was within her control, her attorney did inform the court that the reason for appellant's absence was because she remembered incorrectly what time the hearing began, and she could not afford to take more time off from work without sufficient notice to her employer.
 {¶ 26} With respect to Loc.R. 49(C), counsel for appellant was clearly not aware of the need for a continuance before the day of the hearing because he only discovered that day that appellant could not attend. In fact, appellant arrived at court prepared for the hearing, but was mistaken as to the time it was due to start. There is also no evidence that appellant sought to delay the hearing for reasons that were "dilatory, purposeful or contrived." As previously mentioned, appellant did appear *Page 12 
for the hearing, only she was four hours early. A review of the record shows that all previous hearings in this case had begun at either 8:30 a.m. or 9:00 a.m., which lends some support to why appellant may have thought the permanent custody hearing likewise began in the morning.
 {¶ 27} By denying the continuance, we find that the court abused its discretion and did not act to secure fair treatment for the parties. Also, by denying appellant's continuance, the court created a situation in which appellant might have risked losing her job at a time when she was fully aware that regular employment was necessary if she hoped to regain custody of her children.
 {¶ 28} Accordingly, we find that the trial court abused its discretion, and appellant's fourth assignment of error is sustained. Based on our ruling on the fourth assignment of error, this case must be remanded to the trial court for further proceedings, and we need not address the second and third assignments of error.
Judgment affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant and appellee share the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 13 
MELODY J. STEWART, P.J., and ANN DYKE, J., CONCUR
[1] The parties are referred to herein by their initials or title in accordance with this court's established policy regarding non-disclosure of identities in juvenile cases.
[2] Although paternity was never established for X.R., "John Doe" proper service was provided via newspaper publication.
[3] The docket reflects the only continuance of this particular hearing was on January 9, 2007, the date counsel for appellant was appointed. *Page 1