**In re A.C. et al.**

[Cite as *In re A.C.*, 160 Ohio App.3d 457, 2005-Ohio-1742.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 84830.

Decided April 14, 2005.

458

William D. Mason, Cuyahoga County Prosecuting Attorney, and Joseph C. Young, Assistant Prosecuting Attorney, for appellee, Cuyahoga County Department of Children & Family Services.

John H. Lawson, and Charyl A. Alikhan, guardian ad litem, for T.G., appellant.

---

KARPINSKI, Judge.

{¶ 1} Defendant mother appeals from the trial court's granting of permanent custody to the county of her six children, ages five through thirteen. The younger three children are from the mother's marriage to her now ex-husband, Mr. B. Although Mr. B. participated in the hearings at the trial level, he did not appeal. The three older children are allegedly from the mother's earlier relationship with Mr. C. Mr. C has not established paternity and did not participate in the hearings.

{¶ 2} The county had taken temporary custody of the three older children in 1994, but they were reunited with the mother after she completed her case plan.[1] She later married Mr. B and had the other three children. Her relationship with Mr. B was rocky and involved physical abuse of the children.

{¶ 3} At one point during her marriage to Mr. B, at least a few years before this removal, the children informed their mother that their older cousin, the son of the mother's sister, had engaged in sexual behavior with them. They also told her that they were engaging in sexual behavior with each other. The mother "whooped" them for their behavior with each other, but she did not report the assaults to the authorities. Instead, she took her children to a minister for counseling, and, in violation of the law, the minister also did not report the abuse to the authorities.

{¶ 4} As the mother's relationship with Mr. B continued to deteriorate, she moved herself and the children in with her sister. Also living with her sister, however, was the older cousin who had previously sexually assaulted them. Because the sexual assaults resumed when the children moved into the house with the older cousin, Mr. B notified the authorities, who removed the children from the home.

{¶ 5} The county filed an immediate complaint for permanent custody. At the adjudicatory hearing, mother admitted the charges of abuse and neglect. She was given a case plan, which she proceeded to pursue. Nonetheless, the court granted permanent custody to the county five months after the complaint was filed. The mother timely appealed, stating four assignments of error. The first is:

> I. The trial court committed prejudicial error by failing to substantially comply with the requirements of Juv.R. 29(D) when accepting mother's admission to the amended complaint.

■ {¶ 6} The mother complains that the trial court failed to comply with Juv.R. 29(D) when it accepted her admission to the charges in the complaint. She is correct. Juv.R. 29 states:

> (C) Entry of admission or denial. — The court shall request each party against whom allegations are being made in the complaint to admit or deny the allegations. A failure or refusal to admit the allegations shall be deemed a denial, except in cases where the court consents to entry of a plea of no contest.

---

1. The father, Mr. C, was convicted of child abuse for breaking the leg of their eight-month-old daughter.

(D) Initial procedure upon entry of an admission.—The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:

(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;

(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.

{¶ 7} Before accepting the mother's admission to the complaint, the court was required under the rule, first, to ascertain that she understood the allegations contained in the complaint and the consequences of her admission and, second, to inform her of the specific rights she was waiving by admitting to the complaint.

{¶ 8} The court's discussion with the mother at the adjudication hearing consisted of the following:

THE COURT: * * * The court will direct it's [sic] remarks to the mother in this matter. The court will direct its remarks to the mother through her counsel, Mr. Granito. At the request of the prosecutor that the court inquire of the mother that she does admit to the amended complaint and also amended as to the dates of birth by the request of the guardian ad litem.

MR. GRANITO: Yes, Your Honor. I discussed this matter with my client and we've gone over the allegation and I explained to her what her rights are, right to trial and confront witnesses and et cetera.

THE COURT: Keep your voice up.

MR. GRANITO: I explained her right to trial and to address witnesses. At this time she's willing to admit to the amended complaint for the adjudication purpose only.

THE COURT: Okay. Mr. Prosecutor, the mother does admit to the amended complaint as applies to this adjudication hearing only. Anything further?

MR. MILLAS: Again, just that the Court of Appeals requires a conversation with the mother to make sure that the admision is knowingly and voluntarily [sic].

THE COURT: I realize that. I'm asking do you agree with that?

MR. MILLAS: Yes.

THE COURT: The court in view of counsel indicating to the court after conversing with you, you do admit to the allegations that are set forth in the amended complaint before the court and that you are admitting only as to the extent of the adjudication hearing today. Do you understand that?

[MOTHER]: Yes.

HE COURT: And if that's so, you do admit to that?

[MOTHER]: Yes.

THE COURT: Okay. Thank you. So be it. It will be her statement will be admitted and the court will now hear from counsel closing argument as to the testimony that was heard.

Proceeding to closing arguments, the court never discussed with mother her rights.

{¶ 9} The county argues that the mother is barred from raising this issue in this appeal for two reasons. It points out that the mother failed not only to appeal from the court's adjudication order at the time it was journalized, but also to include the issue of the adjudicatory hearing in her notice of appeal.

{¶ 10} First, the county notes that the mother failed to appeal from the adjudicatory ruling within the 30–day time limit in App.R. 4. The Ohio Supreme Court has ruled that the decision following an adjudicatory hearing is a final appealable order because it affects a significant parental right. *In re Murray* (1990), 52 Ohio St.3d 155, 556 N.E.2d 1169, syllabus. This court has previously ruled that when a trial court makes an adjudicatory finding of dependency, neglect, or abuse, the parent must appeal from that finding within 30 days of the judgment entry as required by App.R. 4(A). See *In re M.L.R.* (2002), 150 Ohio App.3d 39, 2002-Ohio-5958, 779 N.E.2d 772, ¶ 23; *In re C.H.*, Cuyahoga App. Nos. 82258 & 82852, 2003-Ohio-6854, 2003 WL 22966248, ¶ 71–72; *In re M.Z.*, Cuyahoga App. No. 80799, 2002-Ohio-6634, 2002 WL 31722231, ¶ 39; *In re Michael A.*, Cuyahoga App. No. 79835, 2002-Ohio-1270, 2002 WL 441590, at * 8; *In re Natalie Hart* (Dec. 9, 1999), Cuyahoga App. No. 75326, 1999 WL 1129590, at * 7.

{¶ 11} Very recently, however, this court revised its holding on this issue in *In re S.G. & M.G.*, Cuyahoga App. No. 84228, 2005-Ohio-1163, 2005 WL 616115, and ruled that App.R. 4(B)(5) permitted a parent to appeal from an adjudicatory ruling either at the time that ruling was made **or** in the appeal of the final dispositional order. Id., ¶ 13. See, also, *In re Asia Fordyce* (Sept. 22, 1997), Butler App. No. CA96–09–193, 1997 WL 589062, at * 10 (vacating permanent custody disposition because the mother was not apprised of her rights at the adjudicatory hearing.)

{¶ 12} It is axiomatic that only a final order may be appealed. What constitutes a final order is found in R.C. 2505.02(B), which states:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

(5) An order that determines that an action may or may not be maintained as a class action.

■ {¶ 13} In an adjudicatory hearing, if the court makes a finding of neglect, abuse, or dependency and if temporary custody is granted to the county, the mother's temporary loss of custody would qualify as a final appealable order under R.C. 2505.02(B)(4). The awarding of temporary custody of the children to the county, to remove the children from the alleged abusive situation, would constitute a "provisional remedy."[2] It is a provisional remedy because it is temporary in nature and designed to prevent further immediate abuse to the children. Without the right to appeal at that juncture, the mother would have no recourse to alter this "remedy" granted to the county. Appealing from that temporary loss of custody later at the dispositional hearing could not restore the lost custody for the interim time period, the time between the adjudicatory hearing and the end of the dispositional hearing. The results of the adjudicatory hearing are, therefore, final appealable orders that do not require Civ.R. 54(B) language. See *In re Murray*, supra.

{¶ 14} In *S.G.*, however, the Eighth District clarified an alternative opportunity to appeal from an admission made at the adjudicatory hearing. *S.G.* relied on App.R. 4(B)(5), which states the following exception to the appeal time period contained in division(A):

(5) Partial final judgment or order. If an appeal is permitted from a judgment or order entered in a case in which the trial court has not disposed of all claims as to all parties, other than a judgment or order entered under Civ.R. 54(B), *a party may file a notice of appeal within thirty days* of entry of the judgment or order appealed or the judgment *or order that disposes of the*

---

2. Black's Law Dictionary defines "provisional remedy" as "[a] remedy provided for present need or the immediate occasion; one adapted to meet a particular exigency." Black's Law Dictionary (5th Ed.1979) 1102.

*remaining claims.* Division (A) of this rule applies to a judgment or order entered under Civ.R. 54(B).[3]

(Emphasis and footnote added.)

{¶ 15} *S.G.*, supra, acknowledged that the adjudicatory ruling finding the children in question to be neglected was a final appealable order, consistent with the Ohio Supreme Court's holding in *In re Murray* (1990), 52 Ohio St.3d 155, 556 N.E.2d 1169, syllabus. The court went on, however, to explain that the Appellate Rule also "authorizes an appeal of an adjudication order alternatively thirty days after the court renders a final order on all issues in the case." *S.G.* 2005-Ohio-1163 at ¶ 11. We agree with this interpretation.

{¶ 16} In the case at bar, therefore, the mother could appeal from the ruling in the adjudicatory hearing either after that hearing or after the case was disposed of by the dispositional hearing.

{¶ 17} The county further argues, however, that even if we find that the mother's appeal from the adjudicatory hearing was timely, she is barred from addressing it in this appeal because her notice of appeal did not refer to the adjudicatory ruling and did not include a copy of the judgment entry for that ruling. We disagree.

{¶ 18} It is true that the mother did not, in her pro se notice of appeal, mention that she was appealing from both the adjudicatory ruling and the permanent-custody ruling. App.R. 3(D) requires appellant to designate the "judgment, order or part thereof appealed from." However, App. R. 3(A) establishes what determines the validity of an appeal.

{¶ 19} App.R. 3 states:

(A) Filing the notice of appeal.—An appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4. Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal. Appeals by leave of court shall be taken in the manner prescribed by Rule 5.

* * *

(D) Content of the notice of appeal.—The notice of appeal shall specify the party or parties taking the appeal; *shall designate the judgment, order or part thereof appealed from;* and shall name the court to which the appeal is taken. The title of the case shall be the same as in the trial court with the designation

---

3. Civ.R. 54(B) does not apply to this case.

of the appellant added, as appropriate. Form 1 in Appendix of Forms is a suggested form of a notice of appeal.

(Emphasis added.)

{¶ 20} It is within the discretion of the appellate court to allow or disallow an appeal that lacks one of the prerequisites contained in App.R. 3(D). "Pursuant to App.R. 3(A), the only jurisdictional requirement for the filing of a valid appeal is the timely filing of a notice of appeal. When presented with other defects in the notice of appeal, a court of appeals is vested with discretion to determine whether sanctions, including dismissal, are warranted, and its decision will not be overturned absent an abuse of discretion." *Transamerica Ins. Co. v. Nolan* (1995), 72 Ohio St.3d 320, 322, 649 N.E.2d 1229. The court may, therefore, but is not required to, prevent an appellant from addressing an issue not raised in the notice of appeal.

{¶ 21} In *S.G.*, supra, this court held that because mother's appeal was filed timely and because it provided the opposing side with sufficient notice of the matter being appealed, there was no danger that the county would be misled or misunderstand the appeal. *S.G.*, 2005-Ohio-1163, ¶ at 9, citing *Maritime Mfr., Inc. v. Hi–Skipper Marina* (1982), 70 Ohio St.2d 257, 259, 24 O.O.3d 344, 436 N.E.2d 1034.[4] As in *S.G.*, we find that the county was not prejudiced by mother's failure to specify in her notice of appeal that she was appealing from the adjudicatory decision, and we therefore conclude that this omission was not fatal to her appeal. Thus, we decline to limit the mother's appeal to the issues arising from the permanent custody hearing.

{¶ 22} The state also argues that the mother waived a Juv.R. 29(D) issue on appeal because at two dispositional hearings, she failed to seek to withdraw her admissions. The question is whether the mother could be deemed to have waived her right to be advised of the consequences of her admissions when it was never determined that she understood those consequences. The court's failure to determine that she understood the consequences of her admission infects all that follows—so much so that she cannot be deemed to have waived her right to this advisement. If the court is forbidden to accept an admission without determining

---

4. In both *S.G.* and the case at bar, the mothers used preprinted notice-of-appeal forms that allowed them to immediately appeal from the permanent-custody ruling without an attorney. These forms, which they filled in pro se, consisted of a column of boxes next to various appeal issues common to custody cases. The forms did not contain a box to check off for an appeal of the adjudicatory hearing. Both mothers also used a preprinted affidavit form to support their pro se appeals. This "check-off-the-box" affidavit, which accompanied the notice of appeal, also lacked any opportunity to refer to the adjudicatory hearing.

personally that the mother made her admission voluntarily and with understanding of its consequences, then surely the court is forbidden to rely upon any adjudication of abuse and neglect—a process that was tainted by admissions the court was not permitted to accept.

{¶ 23} If a criminal defendant pleads guilty to a crime, the court fails to advise him all of his constitutional rights, and the defendant does not raise this omission at the sentencing hearing, the defendant is not barred from raising the issue on appeal. If the criminal fails to raise the issue on appeal himself, moreover, the appellate court may still take notice of the plain error. Although the plain-error doctrine has limited application in civil cases, the Ohio Supreme Court has ruled that there are occasions when it may apply:

> We do not hold that application of the plain error doctrine may never be appropriate in civil cases. However, we do reaffirm and emphasize that the doctrine is sharply limited to the *extremely rare* case involving *exceptional* circumstances where the error, left unobjected to at the trial court, rises to the level of challenging the legitimacy of the underlying judicial process itself.

(Emphasis sic.) *Goldfuss v. Davidson* (1997), 79 Ohio St.3d 116, 122, 679 N.E.2d 1099.

{¶ 24} A court errs in accepting a mother's admission of abuse or neglect without that court's ensuring that the parent has a full understanding of her legal rights so that she may protect her custody of her child. When that admission, moreover, contributes to a finding of abuse and neglect and thus enables the court subsequently to award permanent custody to the county, the "legitimacy of the underlying judicial process itself" is challenged if the mother is not permitted to appeal from the award on the basis of that admission. As this court stated in *S.G.,*

> The termination of parental rights is 'the family law equivalent of the death penalty.' *In re Hayes* (1997), 79 Ohio St.3d 46, 48, 679 N.E.2d 680; see, also, *In re Murray,* 52 Ohio St.3d at 156, 556 N.E.2d 1169 (stating that a parent has a 'fundamental liberty interest' in the care, custody, and management of his or her child and an 'essential' and 'basic civil right' to raise his or her children).

> Because this is so, a trial court's failure to comply with Juv.R. 29(D) has been found to constitute plain error in cases involving termination of parental rights. See *In re Elliott,* 4th Dist. Nos. 03CA65 & 03CA66, 2004-Ohio-2770, 2004 WL 1189475, at ¶ 15; *In re Aldridge,* 2002-Ohio-5988, 2002 WL 31439807, at ¶ 16. Unlike this court's decision in *In re M.F.* Cuyahoga App. No. 82018, 2003-Ohio-4807, 2003 WL 22100124, which involved an adjudication of delinquency as

opposed to the termination of parental rights, we are unable to conclude that appellant waived this issue for review.

Id. 2005-Ohio-1163, at ¶ 23–24.

{¶ 25} In the case at bar, therefore, the mother timely appealed from the court's decisions reached at both the adjudicatory and the dispositional hearings. Accordingly, this assignment of error has merit.

{¶ 26} As a result of the disposition of the first assignment of error,[5] we vacate the court's decision at the adjudicatory stage in which the court awarded temporary custody to the county and also vacate the court's decision at the dispositional hearing to award permanent custody to the county. In doing so, we also vacate the court's finding of neglect and remand the case for proceedings consistent with this opinion.

Judgment vacated
and cause remanded.

KILBANE and MCMONAGLE, JJ., concur.

---

5.   {¶ a} The remaining assignments of error, which are now moot, state:

{¶ b} II.   The trial court erred by granting permanent custody of the children against the manifest weight of the evidence.

{¶ c} 1.   Mother has not failed to continuously and repeatedly remedy the conditions causing the children's removal.

{¶ d} 2.   Mother did not place the children at substantial risk of harm by failing to protect the children from sexual abuse.

{¶ e} 3.   Mother's past agency involvement ended in 1995.

{¶ f} 4.   Mother has had ongoing visits with the children.

{¶ g} 5.   No evidence was presented regarding mother's housing.

{¶ h} III.   The trial court erred by accepting the written report of the guardian ad litem in violation of local juvenile court rules.

{¶ i} IV.   The trial court erred in proceeding with the permanent custody hearing in violation of R.C. 2151.414(a)(2).