[Cite as *Perozeni v. Perozeni*, 2023-Ohio-1140.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

ALICIA PEROZENI,                          :

    Plaintiff-Appellee,             :

                                   No. 111771

    v.

RENE PEROZENI,                            :

    Defendant-Appellant.            :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 6, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-20-383044

---

### *Appearances:*

The Law Offices of LeeDaun C. Williams, LLC, and
LeeDaun C. Williams, *for appellee.*

Carrabine & Reardon Co., LPA, and James W. Reardon,
*for appellant.*

MICHAEL JOHN RYAN, J.:

{¶ 1} In this accelerated appeal under App.R. 11.1 and Loc.App.R. 11.1., defendant-appellant Rene Perozeni ("Rene") appeals from the trial court's July 19, 2022 judgment denying his motion to vacate. The purpose of an accelerated appeal is to allow the appellate court to render a brief and conclusory opinion. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983); App.R. 11.1(E). After careful review of the facts and pertinent law, we affirm.

**Procedural History**

{¶ 2} In October 2020, plaintiff-appellee Alicia Perozeni ("Alicia") filed this divorce action against Rene. Relevant to this appeal, on June 7, 2022, Alicia filed a motion to sell the marital residence; Rene opposed the motion. On July 7, 2022, the trial court granted Alicia's motion. On July 14, 2022, Rene filed a motion to vacate the order. On July 19, 2022, the trial court denied Rene's motion to vacate. On July 22, 2022, Rene appealed from the trial court's judgment denying his motion to vacate. Rene's sole assignment of error reads, "The trial court erred when it granted plaintiff/appellee's motion to sell marital residence."

**Final, Appealable Order Issue**

{¶ 3} This court requested that the parties brief whether the judgment Rene appeals from — the July 19, 2022 judgment denying his motion to vacate — is a final, appealable order. The court noted that although this court has held that a pretrial order for the sale of a marital home is a final, appealable order, *see Malik v. Malik*,

8th Dist. Cuyahoga No. 107183, 2018-Ohio-4901, Rene did not appeal from the trial court's order granting the sale of the home; rather he appealed from the trial court's order judgment denying his motion to vacate. In addition to *Malik*, this court directed the parties' attention to the following cases for consideration in their briefing: *Dickerson v. Cleveland Metro. Hous. Auth.*, 8th Dist. Cuyahoga No. 96726, 2011-Ohio-6437; *Hummer v. Hummer*, 8th Dist. Cuyahoga No. 96132, 2011-Ohio-3767; and *Lorain Edn. Assn. v. Lorain City School Dist. Bd. of Edn.*, 46 Ohio St.3d 12, 544 N.E.2d 687 (1989).

**Rene's Position**

{¶ 4} In his supplemental brief, Rene only cites *Malik* in support of his position that we have jurisdiction to consider this appeal. In *Malik*, the husband filed for a divorce from the wife. At the time the complaint was filed, the husband lived in rented quarters and the wife lived in the marital home with the couple's two minor children. The husband filed a motion for an order to sell the marital home, which the wife did not oppose. The case proceeded to trial but was continued several times. Approximately six months after the husband filed his motion, while the case was still pending conclusion of the trial, the husband renewed his motion for an order to sell the marital home. Again, the wife did not oppose the motion. The trial court granted the husband's motion on April 16, 2018. On April 20, 2018, the wife filed a motion for reconsideration. Prior to the trial court ruling on the motion for reconsideration, the wife filed a timely appeal.

**{¶ 5}** This court held that it had jurisdiction to hear the appeal because the wife had appealed from the trial court's judgment ordering the sale of the marital home, which is a final, appealable order. *See id.* at ¶ 11-15. The court noted that the wife's motion for reconsideration, which was filed after a final, appealable order had been entered, was a nullity and, thus, the trial court properly disregarded it. *Id.* at ¶ 17.

**{¶ 6}** Thus, Rene contends that because *Malik* holds that a pretrial order of sale of property in a divorce case is a final order, and that is what occurred in this case, we have jurisdiction to consider this appeal.

**Alicia's Position**

**{¶ 7}** Alicia, on the other hand, posits that we do not have jurisdiction to hear this appeal because the order Rene appealed from — the judgment denying his motion to vacate — is not a final, appealable order. She relies on *Hummer*, 8th Dist. Cuyahoga No. 96132, 2011-Ohio-3767, and *Lorain Edn. Assn.*, 46 Ohio St.3d 12, 544 N.E.2d 687.

**{¶ 8}** *Hummer* was also a divorce proceeding. Several months after filing her complaint for divorce, the wife filed a motion to appoint a receiver and requested a specific person be named as receiver. In June 2010, the trial court granted the wife's motion and appointed the requested receiver. In July 2010, the trial court issued an order extending the receiver's authority and responsibility. In August 2010, the trial court confirmed the receiver's motion for an order confirming the sale of marital real property.

{¶ 9} Meanwhile, the husband retained new counsel who, in November 2010, filed a motion to set aside and vacate the order appointing the receiver. In December 2010, the trial court granted the receiver's motion to confirm the sale of property and denied the husband's motion to vacate. The husband filed a notice of appeal five days later. This court dismissed the case for lack of a final, appealable order. *Hummer* at ¶ 1, 6, 25.

{¶ 10} This court noted that the husband's "sole assignment of error challenges the trial court's denial of his motion to set aside and vacate the order appointing the receiver[,]" and "[i]t is well settled that an order appointing a receiver is a final, appealable order that affects a substantial right in a special proceeding." *Id.* at ¶ 7-8. Thus, this court held that the husband should have appealed the order appointing the receiver within 30 days. *Id.* at ¶ 8. The judgment denying vacation of the receivership, however, did not affect any substantial right and was not a final, appealable order. *Id.* at ¶ 9.

{¶ 11} *Lorain Edn. Assn.*, 46 Ohio St.3d 12, 544 N.E.2d 687, involved an administrative appeal, in which a school association filed an unfair labor practice charge against the school board with the State Employment Relations Board ("SERB") alleging that a school representative had been unlawfully denied access to a member by the board. SERB ordered the dispute to arbitration under the parties' collective bargaining agreement. The school association appealed the SERB order to two separate common pleas courts, those being, the Franklin County Court of Common Pleas and the Lorain County Court of Common Pleas.

{¶ 12} The school association filed a motion for reconsideration with SERB of the referral to arbitration order in the Franklin County case. SERB denied the motion, and the school association appealed SERB's denial to the Franklin County Court of Common Pleas. The common pleas court affirmed SERB's denial of the school association's motion for reconsideration. The school association then appealed to the Tenth District Court of Appeals. The appellate court vacated the trial court's judgment and remanded with instructions for the court to dismiss the administrative appeal for lack of a final, appealable order. The school association appealed to the Ohio Supreme Court.

{¶ 13} In the Lorain County case, the school association sought to arbitrate its dispute with the board, but the board refused due to the pending appeal of the arbitration order. Because of the board's refusal to arbitrate, the school association filed a motion with SERB to vacate the referral to arbitration order. SERB denied the motion on the ground that it lacked jurisdiction. The school association appealed the denial of the motion to vacate to the Lorain County Court of Common Pleas, which dismissed the case for lack of jurisdiction. The school association appealed to the Ninth District Court of Appeals, which affirmed the common pleas court. Thereafter, the school association appealed to the Supreme Court of Ohio.

{¶ 14} The school association contended that the decision of SERB to order the dispute to arbitration was a final, appealable order. The Supreme Court noted, however, that the arbitration order was not the subject of the appeals before the court. Rather, the subject of the appeals before the court arose in the context of

SERB's denial of the school association's motion for reconsideration of the arbitration order and its subsequent denial of the motion to vacate the order. The appeals of the arbitration order itself remained pending in the Franklin County and Lorain County Courts of Common Pleas. Thus, the court found that only the denial of these motions on jurisdictional grounds was presented for its review.

{¶ 15} The Supreme Court held that when a notice of appeal from a decision of an administrative agency has been filed, the agency is divested of jurisdiction to reconsider, vacate, or modify the decision unless there is express statutory language to the contrary. *Lorain Edn. Assn.*, 46 Ohio St.3d at 15, 544 N.E.2d 687. Thus, SERB lost jurisdiction to alter its earlier decision once the school association appealed the decision. *Id.* The court held that it would not determine the school association's position that the decision of SERB to order the dispute to arbitration was a final, appealable order. *Id.* The court noted that R.C. 119.12 governed the appeal of SERB orders and that these issues must be considered in the first instance by the courts in which the appeals of the arbitration order were then pending. *Id.*

### *Dickerson* Case

{¶ 16} In *Dickerson*, 8th Dist. Cuyahoga No. 96726, 2011-Ohio-6437, which neither party addressed in their supplemental briefings, the defendant housing authority was granted summary judgment in its favor on the plaintiffs' complaint. Subsequently, without explanation, the trial court sua sponte vacated its order granting summary judgment in favor of the housing authority. The housing authority appealed.

{¶ 17} This court held that although a trial court has authority to vacate its own void judgment, i.e., a judgment rendered by the trial court without jurisdiction or where the court acts contrary to law, it does not have authority to sua sponte vacate or modify its own final orders. *Id*. at ¶ 6-7. Rather, Civ.R. 60(B) is the exclusive means for a trial court to vacate a final judgment. *Id*. at ¶ 7.

**Analysis**

{¶ 18} With the above-discussed cases in mind, we consider the final, appealable order issue. *Lorain Edn. Assn*. presents a somewhat different factual and procedural situation than is presented here because it involved an administrative appeal, which are first heard on appeal in the trial court; the issue of a final order had not been decided in the trial court, however.

{¶ 19} *Malik*, *Hummer*, and *Dickerson* are more instructive for this appeal. The upshot of *Malik* and *Hummer* is that decisions on motions to sell marital real estate and to appoint a receiver are final orders subject to appeal. An appeal cannot be taken from a decision on a motion for reconsideration or motion to vacate the decision on the underlying issue, however.[1] The upshot of *Dickerson* is that the only way a trial court can modify or vacate its final orders is through Civ.R. 60(B).

{¶ 20} The distinction between *Malik* and this case is that in *Malik* the wife did not file a motion to vacate. Rather, she filed a motion for reconsideration. It is

---

[1] *But see Gasper v. Bank of Am., N.A.*, 2019-Ohio-1150, 133 N.E.3d 1037, ¶ 7, 8 (9th Dist.), ("A decision granting a common law motion to vacate is a final order, subject to immediate appellate review"; "A motion to vacate, however, is only proper when the underlying judgment is a final order."). (Citations omitted.)

well-established that the Ohio Rules of Civil Procedure do not provide for motions for reconsideration in the trial court and that such motions are considered a nullity. *Pitts v. Dept. of Transp.*, 67 Ohio St.2d 378, 380, 423 N.E.2d 1105 (1981). As the Sixth District Court of Appeals has stated, "[O]nce a final judgment is entered, it cannot be reconsidered by the trial court. * * * Where no final judgment has been entered, a trial court has continuing jurisdiction to revise its order at any time and can entertain a motion for reconsideration." *Phillips v. Mufleh*, 95 Ohio App.3d 289, 293, 642 N.E.2d 411 (6th Dist.1994). Thus, this court in *Malik* treated the wife's motion for reconsideration as a nullity and, because she had timely appealed from the date of the final order, accepted jurisdiction over it.

{¶ 21} In *Hummer*, the husband appellant did not challenge the final order (the appointment of the receiver) for approximately five months after the order, at which time he filed his motion to set aside and vacate. Thus, at the time the husband appealed from the judgment denying his motion to set aside and vacate, the time for an appeal from the final judgment (the appointment of the receiver) had expired.

{¶ 22} Here, although Rene did not appeal from the final order granting sale of the marital residence, he nonetheless appealed within 30 days of that order as required under App.R. 4(A)(1). Timeliness is not an issue in this case. Additionally, at least according to *Dickerson*, Rene's motion to vacate was a nullity (similar to the wife's motion for reconsideration in *Malik*) because the only way he could have challenged the final judgment in the trial court was through a Civ.R. 60(B) motion.

{¶ 23} The timely filing of a notice of appeal is the only jurisdictional requirement for perfecting a valid appeal. *Transamerica Ins. Co. v. Nolan*, 72 Ohio St.3d 320, 649 N.E.2d 1229 (1995), syllabus. "Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal." App.R. 3(A). Thus, the Supreme Court of Ohio has held that "[w]hen presented with other defects in the notice of appeal, a court of appeals is vested with discretion to determine whether sanctions, including dismissal, are warranted, and its decision will not be overturned absent an abuse of discretion." *Transamerica* at 322.

{¶ 24} App.R. 3(D) sets forth the required content of a notice of appeal and states, in pertinent part, that "[t]he notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken." In *Transamerica*, the Supreme Court treated a failure to comply with App.R. 3(D) as a "step other than the timely filing of a notice of appeal" and held that a failure to specifically identify all of the appellants, as required by that rule, was not a jurisdictional defect. *Transamerica* at *id.* The court held that the court of appeals had discretion to determine whether sanctions, including dismissal, were warranted as a result of a failure to comply with App.R. 3(D). The court ultimately concluded that the court of appeals abused its discretion by refusing to consider the appeal of one of the

appellants because of the absence of an express designation of her as an appellant in the notice of appeal. *Id.* at 323.

{¶ 25} This court has also held that defects in a notice of appeal, other than timeliness, are not fatal to an appeal.

> [I]t is the timely filing of the notice of appeal that is a jurisdictional prerequisite to this court's authority, not the contents of that notice. Indeed, a reviewing court is free to take whatever action it believes is appropriate, including dismissal of the appeal when a notice of appeal is defective under App.R. 3. When it does so, however, it is not because of any jurisdictional impediment, but as an exercise of its discretion under this rule.

*In re: S.G. & M.G.*, 8th Dist. Cuyahoga No. 84228, 2005-Ohio-1163, ¶ 17; *see also In re A.D.*, 8th Dist. Cuyahoga No. 87510, 2006-Ohio-6036, ¶ 18-22; *In re A.C.*, 160 Ohio App.3d 457, 2005-Ohio-1742, 827 N.E.2d 824, ¶ 20 (8th Dist.) ("It is within the discretion of the appellate court to allow or disallow an appeal that lacks one of the prerequisites contained in App.R. 3(D)."); *but see Wallace v. Halder*, 8th Dist. Cuyahoga No. 95324, 2011-Ohio-850, ¶ 9 (holding that the court lacked jurisdiction to consider an assignment of error regarding an order not specified in the notice of appeal).

{¶ 26} There is a defect in Rene's notice of appeal — he has only attached, and identified as the judgment he is appealing, the July 19, 2022 judgment denying his motion to vacate. His sole assignment of error challenges the trial court's judgment granting Alicia's motion to sell the marital residence, however. In light of the Supreme Court's holding in *Transamerica*, and at least some precedent from

this court, in our discretion, we find that we have jurisdiction to consider this appeal. Thus, we now consider the merits of the appeal.

**Judgment Ordering Sale of the Marital Home**

{¶ 27} Alicia made her motion to sell the marital residence under R.C. 3105.171(J)(2). R.C. 3105.171(J)(2) provides that a trial court may issue any orders that it determines equitable, including "[a]n order requiring the sale * * * of any real or personal property, with the proceeds from the sale * * * to be applied as determined by the court." We review a trial court's predecree order of sale of a marital residence for an abuse of discretion. *See Malik*, 8th Dist. Cuyahoga No. 107183, 2018-Ohio-4901, at ¶ 16. "Abuse of discretion," which is "'commonly employed to justify an interference by a higher court with the exercise of discretionary power by a lower court, implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.'" *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35, quoting *Black's Law Dictionary* 11 (2d Ed.1910).

{¶ 28} In her motion, Alicia requested that the proceeds of the sale of the marital residence be equally divided between herself and Rene. Rene raised the following contentions in opposition: (1) sale of the home should be reserved for trial; (2) there is a lack of evidence regarding the fair market value of the property and the value of liens or encumbrances associated with the property; (3) Rene wishes to retain the marital residence and buy out Alicia's interest in it; (4) there is a component of separate property Rene wishes to pursue at trial; (5) there is no

evidence that the parties are financially unable to maintain the residence; and (6) if the residence is sold through a real estate company the parties will lose equity due to costs of the sale, such as commission fees.

{¶ 29} In its order granting Alicia's motion, the trial court ordered that (1) the residence be listed within 15 days of the date of the order; (2) Alicia and Rene jointly select a realtor and cooperate to facilitate the sale of the residence, including executing the necessary documents; (3) no reasonable offer will be declined; and (4) the proceeds of the sale are to be held in the IOLTA account of Alicia's counsel until further order of the court or agreement of the parties.

{¶ 30} We find no abuse of discretion in the trial court's decision. Sale of a marital home does not have to be reserved for trial, and because the trial court ordered that the proceeds of the sale be placed in escrow, Rene can still pursue his separate property claim at trial. The fair market value and liens or encumbrances associated with the property will necessarily be established and resolved through a sale.[2]

{¶ 31} In regard to Rene's contention that he wanted to buy out Alicia's interest in the property and there is no evidence regarding his financial inability to do so, we note that Alicia filed this action in October 2020, and in December 2021, Rene filed for bankruptcy, which stayed the case until March 2022. As a general rule, a trial court has the inherent authority to manage its own proceedings and

---

[2] The trial court ordered an appraisal of the residence in October 2021.

control its own docket. *See Love Properties, Inc. v. Kyles*, 5th Dist. Stark No. 2006CA00101, 2007-Ohio-1966, ¶ 37, citing *State ex rel. Nat. City Bank v. Maloney*, 7th Dist. Mahoning No. 03 MA 139, 2003-Ohio-7010, ¶ 5. On the record before us, the trial court's predecree order of the sale of the marital home was a means of managing this proceeding and controlling its docket, and there was no abuse of its discretion. Finally, the trial court's rejection of Rene's contention that if the residence is sold through a real estate company the parties will lose equity due to costs of the sale, such as commission fees, is not an abuse of discretion.

{¶ 32} Appellant's sole assignment of error is without merit and hereby overruled.

{¶ 33} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EMANUELLA D. GROVES, J., CONCUR